**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**1:10 CR 06-2**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Vs.** | ) | **ORDER** |
| | ) | |
| **KEVIN THOMAS WILLS.** | ) | |
| | ) | |
| _____ | ) | |

**THIS CAUSE** came on to be heard before the undersigned at the close of a

Rule 11 proceeding that was held before this court on May 4, 2010.  It appearing to

the court at the call of this matter on for hearing the defendant was present with his

attorney, Andrew Banzhoff and the government was present and represented through

Assistant United States Attorney Corey Ellis.  From the arguments of counsel for the

defendant and the arguments of the Assistant United States Attorney and the records

in this cause, the court makes the following findings:

**Findings.**    On February 4, 2010 a bill of indictment was issued charging the

defendant with counterfeiting Federal Reserve Notes, in violation of 18 U.S.C. § 471,

passing and uttering Federal Reserve Notes, in violation of 18 U.S.C. § 472 and with

possession with intent to distribute cocaine, a schedule II controlled substance, in

violation of 21 U.S.C. § 841(a)(1).  On May 4, 2010, the undersigned held an inquiry,

pursuant to Rule 11 of the Federal Rules of Criminal Procedure, and accepted a plea

of guilty of the defendant to the charge of falsely making and forging counterfeit

obligations of the United States and with possession of cocaine with intent to sell. At the end of the Rule 11 proceeding this court presented the issue of whether or not the defendant should now be detained, pursuant to 18 U.S.C. § 3143(a)(2).

**Discussion.** 18 U.S.C. § 3143(a)(2) provides as follows:

(2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless ----

(A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or

(ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; or

(B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

From an examination of the records in this cause, it appears that the defendant has now entered a plea of guilty to possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). That crime is one of the crimes that is referenced under 18 U.S.C. § 3142(f)(1)(C). The undersigned made an inquiry of Assistant United States Attorney Corey Ellis as to whether or not there was going to be a recommendation that no sentence of imprisonment be imposed upon the defendant. Mr. Ellis advised the court that such a recommendation could not be made in this matter. As a result of the plea of guilty of the defendant, the undersigned cannot find

there is a substantial likelihood that a motion for acquittal or new trial will be granted. As a result of the statements of Mr. Ellis, the undersigned cannot find that an attorney for the government will recommend that no sentence of imprisonment will be imposed upon the defendant. It would thus appear, and the court is of the opinion that the court is required by law to apply the factors as set forth under 18 U.S.C. § 3143(a)(2) which require the detention of the defendant.

## ORDER

IT IS, THEREFORE, ORDERED, that the terms and conditions of pretrial release in this matter are hereby **REVOKED** and it is **ORDERED** the defendant be detained pending further proceedings in this matter.

Signed: May 5, 2010

Dennis L. Howell
United States Magistrate Judge